**HOGUET NEWMAN REGAL & KENNEY, LLP**

One Grand Central Place  
60 East 42nd Street, 48th Floor  
New York, New York 10165

Tel 212.689.8808  
Fax 212.689.5101  
www.hnrklaw.com

hhechtkopf@hnrklaw.com

July 1, 2020

**VIA ECF**

Hon. Vernon S. Broderick  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

> **APPLICATION DENIED**  
> **SO ORDERED**  
> **VERNON S. BRODERICK**  
> **U.S.D.J.** 7/7/2020
>
> Fed. R. Civ. P. 26(d)(3) states that "methods of discovery may be used in any sequence." While the advisory notes to Fed. R. Civ. P. 26(d) note that "court[s] may upon motion and by order grant priority in a particular case," the defendants have not demonstrated that such intervention is warranted. The parties are directed to proceed with depositions in the order that notices of depositions were served.

Re:   *Roy Day v. MTA New York City Trans. Auth., et al.*, 17 Civ. 7270 (VSB)

Dear Judge Broderick,

     We represent the Defendants in this matter and pursuant to Your Honor's Individual Rules we write jointly with *pro bono* counsel for Plaintiff to request the Court's assistance in resolving a dispute over the scheduling of depositions. For the reasons further detailed below, Defendants respectfully request that the Court issue protective orders to prevent Defendants' witnesses from being deposed until Plaintiff's deposition is held on or after July 21, 2020. The parties met and conferred on this issue several times, most recently on June 29, 2020,[1] at which time the parties spoke by telephone for fifteen minutes. On that call were Griselda Cabrera and Vanessa Gonzalez for Plaintiff and Helene Hechtkopf and Steven Silverberg for Defendants.

     **Defendants' Position:**

     It is imperative in this discrimination case, in which Plaintiff is proceeding *pro se* except for the limited appearance of *pro bono* counsel for depositions and written document demands, that Plaintiff be the first witness deposed. Plaintiff's Complaint and Amended Complaint were both written *pro se* and are not entirely clear on Plaintiff's claims, as the Court recognized in its decision on Defendants' Motion to Dismiss. (Dkt No. 57.)

     Defendants will be prejudiced if their F.R.C.P. 30(b)(6) witnesses are not afforded the chance to educate themselves on issues relevant to Plaintiff's claims, and should be protected from being recalled should the entire premise of Plaintiff's claim morph yet again. (*Compare* Compl. with Am. Compl. (Dkt. 3, 17).) Because Plaintiff is proceeding *pro se* except for limited representation at depositions, it is even more important that he fully participate at the depositions. If he is unable to be deposed until July 21, then no deposition should take place until after then.

---

[1] The parties also conducted a telephonic meet-and-confer regarding the deposition schedule on May 29, 2020.



Plaintiff's deposition was originally noticed for February 12, 2020, and Defendants' 30(b)(6) deposition for February 18, 2020. After outside counsel came on for Defendants, the parties began discussing the completion of depositions during a meet-and-confer on March 31st. At that time counsel jointly agreed to postpone depositions for a short time until – we thought – they could be held in person again. In an effort not to unduly burden the *pro se* Plaintiff and in the hopes that he could be deposed in person to avoid the technological concerns entirely, we suggested Plaintiff could be deposed last, instead of first as initially scheduled, in order to not delay discovery.

On May 18th, after it became clear that in-person depositions would not be an option, Plaintiff's counsel advised they were "currently working to understand [their] remote deposition technological capabilities to ensure that all parties, including [Plaintiff], can attend these depositions." (V. Gonzalez to Defense Counsel, May 18, 2020). Ms. Gonzalez proposed a deposition schedule that contemplated Plaintiff being deposed last. (*Id.*) At the same time, counsel for Defendants familiarized themselves with remote deposition technology and learned that Plaintiff needed only a computer or cell phone with a camera and an internet connection. Based on this information, just two days later, on May 20, 2020, Defendants advised that they wished to proceed with Plaintiff's deposition first, as had been originally contemplated.

Plaintiff's counsel advised on May 22nd that Plaintiff needed time "to access the proper technology and become comfortable with the remote deposition process," and as a result, "[Plaintiff would] not be able to be deposed until July." (V. Gonzalez to S. Silverberg, May 22, 2020.) Defendants were willing to accommodate Mr. Day and sought a deposition date for Plaintiff in early July. Plaintiff, however, "expressed an unease with being the first witness deposed on a remote platform." (V. Gonzalez to Defense Counsel, Jun. 3, 2020.) Plaintiff's counsel stated that Plaintiff's earliest available date was July 21st. (V. Gonzalez to S. Silverberg, Jun. 6, 2020.) To avoid further delay, Defendants confirmed Plaintiff's deposition for this date.

Given the mid-July start date for depositions, Plaintiff proposed an extension of the deadline to August 31 (the current close of discovery) to complete depositions, and requested Defendants "provide [their] witnesses' availability that would permit completion of discovery by that date." (V. Gonzalez to S. Silverberg, Jun. 9, 2020.) Defendants consented to Plaintiff's proposed modification of the schedule and provided deposition dates for each of the witnesses. Plaintiff's counsel, however, never made the application to extend the deposition deadline.

Instead, Plaintiff's counsel now demands that four of Defendants' witnesses be deposed before Plaintiff, during the weeks of July 6th and 13th. Plaintiff has taken the position that his "ability to be present during depositions is separate and apart from his ability to be deposed," (Pl. Corr., Jun. 18, 2020), notwithstanding his purported unavailability until July 21st. This position is untenable. Plaintiff's presence at the depositions is necessary to avoid evidentiary pitfalls that may present themselves during motion practice or at a possible trial in this matter, when Plaintiff would be without representation (and indeed, we understand that the Plaintiff does intend to attend Defendants' depositions). The position is also undermined by counsel's representation that Plaintiff might be available to be deposed earlier in July, but only if other Defendant witnesses are deposed first.

Case 1:17-cv-07270-VSB   Document 95   Filed 07/01/20   Page 3 of 6

Hon. Vernon S. Broderick
July 1, 2020
Page 3



Despite the fact that Defendants provided witness availability that satisfied Plaintiff's proposed timeline, and the parties' agreement that Plaintiff's participation at all depositions is of paramount importance, Plaintiff has issued notices of deposition for four witnesses (including two 30(b)(6) witnesses)[2] prior to July 21st. Defendants request that the Court issue a protective order preventing these depositions from taking place until after Plaintiff is deposed.

While Defendants are aware that there is no priority of depositions in the federal system, courts may prevent proposed depositions upon good cause shown. *See* F.R.C.P. 26(c); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 64, 70 (2d Cir. 2003). There is good reason for the Plaintiff to be deposed first in this case. Plaintiff's 30(b)(6) deposition notice listed topics that were grossly overbroad compared to the matters at issue in this employment discrimination case, including, for example, training of all of NYCT's 70,000+ employees and hiring practices for the entire work force. While the parties have since negotiated the deposition topics, it is essential that Plaintiff be deposed first so that we are in a position to ensure that the 30(b)(6) witnesses are fully informed and educated (and the correct witnesses) to answer Plaintiff's counsel's questions. Defendants are even more prejudiced because Plaintiff did not merely advance the proposed deposition schedule, but instead moved two 30(b)(6) witnesses to the front of the line, scheduling them to take place next week after a holiday weekend.

Moreover, if Plaintiff is unable to be deposed until July 21 for technological reasons, we are very concerned about his ability to meaningfully participate in any depositions before that date and whether he may claim he was prejudiced by use of the transcripts in motions or at trial. The suggestion that Plaintiff might have earlier availability, but only if other deponents go first, raises additional questions about whether Plaintiff will adjust his testimony based on what he hears from other deponents. This militates in favor of Plaintiff being deposed first.

It is within the Court's discretion to order depositions proceed in a particular order, and here it makes sense that Plaintiff would sit for his deposition first. *See Golla v. City of Bossier City*, Civ. A. No. 06-2298, 2007 WL 2253416, at *1 (W.D. La. Aug. 1, 2007) ("[c]onsistent with the vast discretion afforded courts in the management of discovery, the court hereby orders Plaintiffs to submit to depositions first," where "Plaintiffs filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first"); *Baggs v. Highland Towing, L.L.C.*, No. Civ.A. 99-1318, 1999 WL 539459, at *2 (E.D. La. July 22,1999) ("it makes sense in this case that the party whose allegations commenced the lawsuit should be deposed first so that a full understanding of his claims may be obtained before other discovery occurs").

We thank the Court for its time and attention to this matter.

**Plaintiff's Position:**

As Plaintiff's *pro bono* counsel for depositions, our objective has always been to proceed as expeditiously as possible while accommodating reasonable, good faith efforts regarding the

---

[2] The four noticed witnesses are F.R.C.P. 30(b)(6) witnesses Joel Andrews (July 7) and Rick Gorman (July 10), and individual witnesses Michelle Rivera-Vargas (July 14) and Ruby Robinson (July 17).



discovery schedule.  Well after Milbank became involved in the case[3], on February 14, 2020, **Defendants** proposed a 60 day extension to fact discovery deadlines in order to accommodate current counsel getting up to speed on the case.  (H. Hechktopf to B. Zinonos, R. Drinan and G. Cabrera, February 14, 2020).  That same day, Plaintiff provided the previously served Notice of Rule 30(b)(6) Deposition and Notices for each of the Individual Defendants' depositions.  (G. Cabrera to H. Hechtkopf, February 14, 2020).  Plaintiffs were the first to serve deposition notices.[4]  While not dispositive, being first to serve has weighed in favor of proceeding first in this district. *See Alheid v. Target Corp.,* No. 16 CIV. 6980 (PGG)(HBP), 2017 WL 4174929 at *3 (S.D.N.Y. Aug. 29, 2017) ("Because it appears that plaintiff noticed defendants' deposition first, that deposition should proceed first.").  Since that time, Plaintiff has agreed to a subsequent 60 day extension, with the goal of completing depositions by the current deadline, August 3.  Without any case law or rule to support their position, Defendants' insistence on barring depositions of defense witnesses until Mr. Day is deposed is merely their latest ploy to unreasonably delay this case from moving forward within the allotted time granted by the Court in its May 26, 2020 order.  *See* Dkt. No. 93.

On May 18, 2020, we met and conferred with Defendants to discuss the deposition schedule and a 60 day extension that was subsequently granted on May 26, 2020.  After the call, we proposed a deposition schedule during June and July based on our verbal agreement with Defendants that Plaintiff did not need to proceed first.  (V. Gonzalez to S. Silverberg and H. Hechtkopf, May 18, 2020).

On May 20, 2020, Defendants stated in an about-face that they required Plaintiff's deposition first "as is usual in employment discrimination cases," noticing his deposition a mere ten days later.  (S. Silverberg to V. Gonzalez, May 20, 2020).  Importantly, there is no priority in discovery in the federal system and "methods of discovery may be used in any sequence."  F.R.C.P 26(d)(3).  Indeed, Rule 26(d) provides for "bargain[ing] on an equal footing" regarding the sequencing of discovery.  *See* F.R.C.P. 26(d) advisory committee's note to 1970 amendment.

The parties met and conferred again on May 29, 2020 to discuss Defendants' change in position.  During that call, Defendants suggested "the possibility of further extending the deposition schedule so that both parties" could utilize June to prepare for remote depositions.  (V. Gonzalez to S. Silverberg and H. Hechtkopf, June 3, 2020).  We asked Defendants whether it was their position that Plaintiff's deposition had to be first.  *Id.*  Defendants confirmed that was their position while noting that "the timing of [Plaintiff's] deposition will not influence the speed at which this case reaches a resolution, as all depositions must be completed by August 3rd *regardless of the order in which they are taken*."  (S. Silverberg to V. Gonzalez,  June 5, 2020) (emphasis added).  Yet, Defendants have made every effort to delay meeting the August 3 deadline.

During our May 29, 2020 meet and confer, we asked Defendants whether it would be acceptable for Plaintiff to be present at each of the depositions via telephone, in the event that he

---

[3] Milbank initially filed Notices of Appearance on December 5 and December 16, 2019. Dkt. Nos. 76, 77 and 80.
[4] Milbank served Defendants' counsel with the Notice of Rule 30(b)(6) Deposition on January 13, 2020.  *See* (G. Cabrera to B. Zinonos and R. Drinan, January 13, 2020).  Defendants' counsel then served Notice of Deposition for Plaintiff on January 16, 2020.

Hon. Vernon S. Broderick
July 1, 2020
Page 5



had technological difficulties with his approximately 15 year-old computer. Defendants acknowledged that telephonic participation would be satisfactory and the parties agreed depositions would begin on July 6. (S. Silverberg to V. Gonzalez, June 9, 2020) ("We are happy to hear that Mr. Day will be prepared to participate in depositions starting in July.").

Thereafter, after offering a number of potential dates, we agreed to schedule Plaintiff's deposition on July 21 with the understanding that such scheduling would not delay the deposition of defense witnesses. (V. Gonzalez to S. Silverberg, June 9, 2020).[5] However, once the date of Plaintiff's deposition was settled, Defendants proposed dates for all eight of their witnesses after July 21, requiring an extension well past August 3. In response, we noted that it was contrary to both parties' interest to leave "so many depositions until the end of the discovery schedule in case certain depositions need to be continued or rescheduled" due to the remote nature of these depositions. (V. Gonzalez to S. Silverberg, June 16, 2020).

Once it became clear that defense counsel was unwilling to provide ***any*** potential dates before the date of Mr. Day's deposition, we served deposition notices for Joel Andrews, Rick Gorman, Michelle Rivera-Vargas and Ruby Robinson on July 7, 10, 14 and 17 respectively. We met and conferred again with Defendants on June 29, 2020, noting our strong desire to move forward with discovery, but willing to compromise to be able to schedule ***at least one*** deposition in advance of July 21. We also offered a degree of flexibility regarding the exact date of Mr. Day's deposition in an attempt to be reasonable and accommodating, which Defendants now apparently take to mean, "Plaintiff will adjust his testimony based on what he hears from other deponents." Of course, it should go without saying that Mr. Day will testify to the facts of the case, which will be the same regardless of what he hears from witnesses deposed before him. Defendants refused to bargain with us, and stated that they would prefer to bring this issue to the Court instead, likely necessitating further delaying to the discovery schedule.

Defendants are not entitled to take Plaintiff's deposition first simply because they want their witnesses to be more prepared. We negotiated with Defendants such that the 30(b)(6) witnesses are limited to discrete topics[6] that only require competency and truthfulness, ***not*** intimate knowledge of Plaintiff's claims. Likewise, the fact witnesses need only testify as to the facts within their knowledge, which should not change based on Plaintiff's testimony. As such, Defendants' "unjustified insistence" regarding the deposition sequence should be rejected, as has been done in this court. *See Meisch v. Fifth Transoceanic Shipping Co.*, No. 94 CIV. 0683 (DAB), 1994 WL 582960, at *1 (S.D.N.Y. Oct. 21, 1994) (finding that the entire discovery dispute developed due to "unjustified insistence on receipt of certain discovery materials" before permitting plaintiff's deposition).

---

[5] Defendants suggested "it would be preferable to ask that the deadline for depositions be pushed back to 8/31[.]" (S. Silverberg to V. Gonzalez, June 9, 2020). We agreed in principle but made clear that our agreement depended on whether or not we could proceed with depositions of defense witnesses while we prepare our client for his deposition. (V. Gonzalez to S. Silverberg, June 3, 2020).

[6] *I.e.* hiring policies for the Train Operator, Cleaner and Bus Operator positions, the Transit Authority's anti-discrimination policies and training programs related to hiring practices, and disciplinary practices against Transit Authority job applicants.



Hon. Vernon S. Broderick
July 1, 2020
Page 6

                                          Very truly yours,

                                          Helene Hechktopf

cc:    Marion Burke, Esq. (via ECF)
        Griselda Cabrera, Esq. (via ECF)
        Vanessa Gonzalez, Esq. (via ECF)
        Roy Day (via e-mail)

Case 1:17-cv-07270-VSB   Document 95   Filed 07/01/20   Page 6 of 6